United States District Court
Southern District of Texas
**ENTERED**
March 13, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| HERBERT WALLACE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00297 |
| | § | |
| INDUSTRIAL TANK CLEANING | § | |
| SERVICES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before me is Defendants Robin Richard and Audie Richard's Motion to Dismiss ("Motion to Dismiss"). *See* Dkt. 17. Having reviewed the Motion to Dismiss, the response, the reply, Plaintiff's Original Petition, and the applicable law, I recommend that the Motion to Dismiss be **DENIED**.

### BACKGROUND

Plaintiff Herbert Wallace ("Wallace") alleges that he suffered "horrible pain and disfigurement" during a workplace hydroblasting incident, which occurred while he was cleaning tar from a chemical storage tank at a refinery in Granite City, Illinois. Dkt. 1-4 at 1. According to the live pleading:

> During the hydroblasting process, Plaintiff Wallace's foot became stuck causing him to lose his balance. Mr. Wallace immediately let go of the pressure gun, however, the tar on the gun kept the trigger in an engaged position and adhered the handle to Plaintiff's glove. As Mr. Wallace outstretched his arms to regain his balance, a stream of water, coursing at 20,000 psi, hit his foot, tore through his rain boot, and mangled his toes, resulting in horrendous personal injury.

*Id.*

As a result of this incident, Wallace filed suit in the 122nd Judicial District Court of Galveston, Texas. He named four defendants: Industrial Tank Cleaning Services, LLC ("Industrial"); Petroleum Fuel & Terminal Company; Robin

Richard; and Audie Richard. For convenience, I will refer to Robin Richard and Audie Richard, collectively, as "the Richards." Against the Richards, Wallace asserts causes of action for negligence and gross negligence.

Contained in Plaintiff's Original Petition are the following allegations directed at the Richards:

Defendant Industrial Tank Cleaning Services, LLC, was hired by Defendant Petroleum Fuel & Terminal Company to clean the tank at issue. Defendant Industrial Tank Cleaning Services, LLC placed Defendants Robin Richard and Audie Richard in charge of completing the hydroblasting assignment. Defendants Robin Richard and Audie Richard, in turn, hired workers, such as Plaintiff, from Cardinal Customized Services, LLC for the job.

\*\*\*

Defendant Industrial Tank Cleaning Services, LLC placed its agents, Defendants Robin Richard and Audie Richard, in charge of completing the hydroblasting assignment and supervising the hydroblasting technicians, such as plaintiff, who were needed to complete the work.

In May of 2022, Defendants Robin Richard and Audie Richard booked a flight for Plaintiff to travel to the Petroleum Fuel & Terminal Company facility located at 2801 Rock Road, Ste. R2, Granite City, IL 62040. The equipment needed to safely complete the hydroblasting was either unavailable or in a state of disrepair. Despite the lack of manpower and inadequate equipment, Defendants Robin Richard and Audie Richard continuously pressured Plaintiff to "hurry" while working in order to "rush" completion of the assignment.

\*\*\*

Despite repeated complaints regarding the condition of the equipment provided to Plaintiff, Defendants failed, or refused, to provide clean pressure guns or steel toed boots.

\*\*\*

Despite the dangers involved in the hydroblasting process, and despite knowing that Plaintiff did not possess adequate equipment, Defendants Robin Richard and Audie Richard nevertheless ordered Plaintiff to use the high-pressure washer to clean the tar from the storage tank. Plaintiff was specifically instructed to use the above depicted pressure gun and rain boots on the day of the incident by Defendants Robin Richard and Audie Richard. Defendants Robin Richard and Audie Richard, as employees and agents of Industrial

Tank Cleaning Services, LLC, in the course and scope of their respective duties, knew, or in the exercise of reasonable care, should have known that the position in which they placed Plaintiff would subject Plaintiff to substantial risk of bodily injury. In that regard, Defendants Robin and Audie Richard failed to use reasonable care in in [sic] providing the essential personal protective equipment needed for this work and failing to properly supervise the work.

Dkt. 1-4 at 1, 4–6.

Industrial and the Richards timely removed this matter to federal court. Once in federal court, the Richards filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Wallace's lawsuit fails to state a claim upon which relief can be granted. More specifically, the Richards contend that Wallace "fails to allege a duty that the Richards owed to him separate and apart from the duty owed by the Richards' employer, Industrial." Dkt. 17 at 2.

## RULE 12(b)(6) LEGAL STANDARD

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has emphasized that the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Ultimately, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely

granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quotation omitted).

## ANALYSIS

In *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996), the Texas Supreme Court explored the circumstances in which individual liability may be imposed on a corporation's employees for committing negligent acts in the course and scope of their employment. In a nutshell, employees such as the Richards are not personally liable for their negligent acts committed within the scope of their employment unless they owed an independent duty of reasonable care to the plaintiff. *See id.* at 117 ("A corporate officer or agent can be liable to others, including other company employees, for his or her own negligence. However, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.").

The question posed by the Richards' Motion to Dismiss is whether the live pleading in this case includes sufficient facts to support a breach of an independent duty owed by the Richards to Wallace. It is important to remember that this case is at its infancy. At this time, it is not my role to assess whether I believe Wallace will ultimately prevail in this case. My task is simply to determine whether the allegations contained in the Original Petition, taken as true, plausibly state a claim for relief.

As I have previously noted: "Under Texas law, it is well-settled that 'if a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others.'" *Lopez-Monroy v. Wal-Mart Stores Tex., LLC*, No. 3:19-CV-00051, 2019 WL 3302615, at *5 (S.D. Tex. July 23, 2019) (quoting *Buchanan v. Rose*, 159 S.W.2d 109, 110 (Tex. 1942)); *see also Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) ("[I]f a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby." (quotation omitted));

*Garcia v. Nordex USA, Inc.*, No. 1:19-CV-187, 2019 WL 10093091, at \*4 (S.D. Tex. Dec. 10, 2019) (An "independent duty arises because the employee creates a dangerous environment and then takes no steps to remedy or warn about the hazardous condition before a third party is injured."); *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi 2016, no pet.) ("[I]ndependent duties may arise when the officer or employee personally creates a dangerous situation that causes injury.").

In the Original Petition, Wallace alleges that the Richards were responsible for supervising him in the performance of his job duties. *See* Dkt. 1-4 at 4. Wallace also complains that the Richards knew full well that "[t]he equipment needed to safely complete the hydroblasting was either unavailable or in a state of disrepair." *Id.* Nonetheless, Wallace asserts that the Richards forced him to perform hydroblasting work while, at the same time, refusing to provide him with the basic equipment—clean pressure guns and steel-toed boots—needed to perform the job safely. *See id.* at 5. Wallace also suggests that his injuries resulted from the Richards "continuously pressur[ing]" him to "hurry" to complete his work. *Id.* at 4. Taking these allegations as true, as I must at this stage of the litigation, and considering the legal principles discussed above, I conclude that Wallace has some possibility, under Texas law, of recovering against the Richards individually. This is because the Richards can be held individually liable if, in fact, they created a dangerous condition and then did nothing to remedy the situation. *See Contreras v. Foster Elec. (U.S.A), Inc.*, No. EP-21-CV-120, 2021 WL 8442060, at \*3 (W.D. Tex. Aug. 11, 2021) ("Employees can be individually liable when they directly create the dangerous conditions that cause the injury.").

The Richards argue that they cannot be held individually liable because they were, at all times, acting in the course and scope of their employment as Industrial employees. This argument goes a bit too far. The general rule in Texas is that "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*,

683 S.W.2d 369, 375 (Tex. 1984); *see also Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 359 (Tex. App.—Hou. [1st Dist.] 2012, no pet.) ("It is a longstanding rule in Texas that a corporate agent is personally liable for his own . . . tortious acts.") (quotation omitted); *Graham Land & Cattle Co. v. Indep. Bankers Bank*, 205 S.W.3d 21, 32 (Tex. App.—Corpus Christi 2006, no pet.) ("[A]n employee who commits, directs[,] or participates in a tortious act while acting within the scope of his employment is personally liable for those acts.").

I readily acknowledge that the Texas Supreme Court held in *Leitch* that "a corporate officer acting on the corporation's behalf does not owe a corporate employee an individual duty to provide that employee with a safe work place." 935 S.W.2d at 118. This case is a tad different. Instead of claiming that the Richards violated a general duty to provide him with a safe workplace, Wallace avers that the Richards knew of specific deficiencies in existing safety equipment and then refused to take steps to remedy the problem. *See* Dkt. 1-4 at 5 ("Despite repeated complaints regarding the condition of the equipment provided" to Wallace, the Richards "failed, or refused, to provide clean pressure guns or steel toed boots."). This conduct, arguably, creates an independent duty of reasonable care. Separate and apart from the safety issue, the allegation that Wallace's injury possibly resulted from the Richards pressuring him to "hurry" to complete his work is enough, taken alone, to overcome a Rule 12(b)(6) challenge. Such a result is mandated because at this early juncture I am required to "construe[] facts in the light most favorable to the nonmoving party." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013).

The Richards point out that "[a]lthough [Wallace] contends that he was not provided with appropriate protective gear (e.g. hydroblasting boots), evidence will show this allegation is false." Dkt. 20 at 5. The Richards also claim that "[t]he Richards had little to no interaction with [Wallace]. Indeed, Robin Richard had not spoken with [Wallace] prior to the accident, and Audie Richard had only ever spoken to [Wallace] as part of a group or in passing." *Id.* The evidence adduced in

this case might eventually support the Richards' description of events, but that is of no import when analyzing a motion to dismiss. I must base my decision solely on the allegations set forth in the Original Petition, and those allegations are sufficient to survive a Rule 12(b)(6) dismissal. Once discovery is complete, we can revisit whether there is any factual basis for Wallace's claims against the Richards.

**CONCLUSION**

For the reasons identified above, I recommend that the Motion to Dismiss (*see* Dkt. 17) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 13th day of March 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE